

Opinions of the United
States Court of Appeals
for the Third Circuit

3-4-2005

# Philips Bros Elec v. Great Amer Ins Co

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1928

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Philips Bros Elec v. Great Amer Ins Co" (2005). *2005 Decisions*. Paper 1473.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1473

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-1928

PHILIPS BROTHERS ELECTRICAL CONTRACTORS, INC.; UNITED
STATES GOVERNMENT, FOR THE USE AND BENEFIT OF THE
PHILIPS BROTHERS ELECTRICAL CONTRACTORS, INC.,

Appellants

v.

GREAT AMERICAN INSURANCE COMPANY; TJR ENTERPRISES, INC.

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 03-cv-03326)
District Judge: Honorable Harvey Bartle, III

Submitted Under Third Circuit LAR 34.1(a)
February 15, 2005

Before: SLOVITER,  AMBRO and ALDISERT, <u>Circuit Judges</u>

(Filed   March 4, 2005 )

OPINION

AMBRO, <u>Circuit Judge</u>

Philips Brothers Electrical Contractors, Inc. ("Philips Brothers") appeals despite

the District Court's entry of judgment in its favor following a bench trial because the judgment awarded less than the amount Philips Brothers demanded. It argues that the District Court incorrectly determined that there were two implied provisions in an oral contract between it and TJR Enterprises, Inc. ("TJR"), which in turn reduced the amount of Philips Brothers' award. For the reasons that follow, we affirm.

## I. Factual and Procedural History

As we write for the parties, only a brief summary of pertinent facts is necessary. While installing sanitary sewers at the Veterans Administration ("VA") Medical Center in Coatesville, Pennsylvania, TJR damaged certain electrical lines. It asked Philips Brothers, an electrical subcontractor, to replace and repair the damaged lines. After one of Philips Brothers' employees visited the VA's property, he provided TJR with an oral estimate that the project would cost "in excess" of $10,000 and the parties orally agreed that Philips Brothers would undertake the project. After Philips Brothers completed its work, it submitted an invoice to TJR that was nearly two-and-a-half times the initial estimate. Although conceding that Philips Brothers was entitled to some payment, TJR refused to pay the invoice.

Philips Brothers brought this action against TJR and its surety for payment of its invoice of $24,034.99. Additionally, because a Philips Brothers' truck had damaged a sidewalk on the VA's property, TJR sought to deduct the costs of repairing the sidewalk from whatever amount was owed Philips Brothers and thus filed a counterclaim.

2

Following a one-day bench trial, the District Court determined that the oral contract between Philips Brothers and TJR that gave rise to the invoice included two implied provisions that bore on Philips Brothers' recovery. First, the District Court determined that there was an implied provision in the agreement that Philips Brothers would replace the damaged lines by using cable of the same or similar price and quality. Second, the Court concluded that Philips Brothers was to be responsible for the cost of any damage done to the premises while it was performing repairs. As a result of these two rulings, the District Court reduced Philips Brothers' award by $5,939.79. The Court then added prejudgment interest and entered judgment in favor of Philips Brothers in the amount of $19,188.92.

Philips Brothers appealed, arguing that the record does not support either implied provision in the oral contract. Because this action includes claims under the Miller Act, 40 U.S.C. § 3131 *et seq*.,[1] and related state law claims, the District Court had subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367. We have appellate jurisdiction under 28 U.S.C. § 1291.

## II. Discussion

**A.  Standard of Review**

Philips Brothers incorrectly suggests that we should review the District Court's

___

1The Miller Act requires a subcontractor, here Philips Brothers, to assert its claims in the name of the United States of America for the use and benefit of the subcontractor. 40 U.S.C. § 3133(b)(d)(A).

determinations *de novo*. "[I]n the case of a disputed oral contract, what was said and done by the parties, as well as what was intended by what was said and done by the parties, are questions of fact to be resolved by the trier of fact . . . ." *Prime Bldg. Corp. v. Itron, Inc.*, 22 F. Supp. 2d 440, 444 (E.D. Pa. 1998) (*quoting Johnston the Florist, Inc. v. Tedco Const. Corp.*, 657 A.2d 511, 516 (Pa. Super. Ct. 1995)). Moreover, it is well-settled that "[i]nterpretation by a trial court of a factual matter is reviewable on a clearly erroneous basis, rather than as a plenary one." *Ram Constr. Co., Inc. v. Am. States Ins. Co.*, 749 F.2d 1049, 1053 (3d Cir. 1984). "A finding of fact is clearly erroneous when, after reviewing the evidence, the court of appeals is left with a definite and firm conviction that a mistake has been committed." *Shore Regional High Sch. Bd. of Ed. v. P.S. ex rel. P.S.*, 381 F.3d 194, 199 (3d Cir. 2004) (internal quotation omitted).

**B. Cost of the Cable**

Turning first to the cost of the cable, after hearing testimony the District Court expressly found that the charge for the higher quality replacement cable greatly exceeded the wholesale cost of the replaced cable. Moreover, the Court found that the parties' agreement included the implicit provision that Philips Brothers would install new cable of the same basic quality as the damaged cable. The Court accordingly allowed Philips Brothers to recover only the cost of commensurate replacement cable plus its normal profit and overhead charges. As we discern no error (clear or otherwise), the District

4

Court's finding stands.[2]

**C.    Damage to the Sidewalk**

Philips Brothers also challenges the award in favor of TJR on its counterclaim, which was based on the damage caused to the sidewalk on the VA's property in connection with the repairs to the lines.  Undisputed eyewitness testimony established that one of Philips Brothers' trucks cracked the concrete slabs on the sidewalk by driving over them instead of taking a different route to access the work site.  In addition, the District Court found that an implied element of the contract between the parties was that Philips Brothers would not cause damage to the VA's property.  Our review of the record reveals again that the District Court's finding was not clearly erroneous and we will affirm the award to TJR on its counterclaim.

\* \* \* \* \*

Accordingly, we affirm the District Court's decision.

_____

[2]Although there is evidence that the VA, for whom the project was intended, authorized use of the more expensive cable, we do not reach the issue of the liability, if any, of the VA as it is not a party to this lawsuit.